**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

Nos. 95-20587 & 95-20770
(Summary Calendar)

_____

MARY ELIZABETH CONN,

Plaintiff-Appellant,

versus

HARRIS COUNTY TEXAS;
JACK ABERCIA, Harris County Constable,
in his individual and official capacity;
FRED REYNA, Harris County Deputy Constable,
in his individual and official capacity;
THE WACKENHUT CORPORATION;
ALLAN C. STERNER, in his individual and official capacity,

Defendants-Appellees.

_____

Appeal from United States District Court
for the Southern District of Texas
(CA-H-94-1180)

_____

August 30, 1996

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Mary Elizabeth Conn argues that the district court erred in granting summary judgment in

favor of the defendants and assessing costs against her. For the following reasons, we affirm.

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

**FACTS AND DISCUSSION**

Conn, a practicing attorney in Harris County, set off the alarm as she passed through the courthouse metal detector. Conn became outraged when the attendant, Allan Sterner, suggested that her metal chain had triggered the alarm. She argued loudly that her necklace was gold and had never sounded the alarm during her previous trips to the court, and that the metal detector needed to be reset.[1] When Conn failed to lower her voice and discontinue her use of profanity, she was arrested for disorderly conduct and resisting arrest. Conn filed a 42 U.S.C. § 1983 suit alleging several complaints against Harris County, Sheriff Johnny Klevenhagen, Constable Jack Abercia, Deputy Constable Fred Reyna, Allan Sterner, and Sterner's employer (Wackenhut Corporation). The defendants filed for summary judgment.

First, the district court determined that Conn's allegations did not support her claims of invasion of privacy, libel and slander, intentional infliction of emotional distress, and negligence and gross negligence and that there was no private right of action under the Texas Constitution.

Second, regarding the assault-battery, the illegal arrest, the false imprisonment, and the excessive force claims against Sterner, the district court concluded that Conn's uncontroverted allegations indicated that Sterner was entitled to summary judgment. The court found that, because there was probable cause to arrest Conn for disorderly conduct, the claims of abuse of process and malicious prosecution also fail. The court further determined, assuming arguendo that Sterner was a state actor, that none of the allegations supported a finding of a constitutional violation against him.

---

[1]Conn's anger arose from her perception that defense attorneys received second class treatment as compared with assistant district attorneys, law students, and law clerks entering the court.

2

He did not arrest or restrain Conn, and his signing of a complaint does not give rise to liability here.

Finally, concerning the claims against Reyna, the district court determined that the statute pursuant to which Conn was arrested, TEX. PENAL CODE ANN. § 42.01 (West 1994), was constitutional because it incorporated the fighting words doctrine. See Chaplinsky v. New Hampshire, 315 U.S. 568, 572-73 (1942). The court held that Reyna had probable cause to arrest Conn under the statute, particularly since Conn directed her verbal abuse toward Sterner, who was not a police officer. Further, the court concluded that Reyna's use of force was not objectively unreasonable. See Johnson v. Morel, 876 F.2d 477, 480 (5th Cir. 1989) (en banc).[2]

The district court granted summary judgment in favor of all the defendants. We have reviewed the record and agree with the reasons set forth by the district court. Additionally, we find that Conn waived her right to contest the assessment of costs against her. See LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS 4B (West 1995) (allowing only five days to challenge costs).

## CONCLUSION

For the reasons established by the district court in Conn v. Harris County, No. CA-H-94-1180 (S.D. Tex. July 17, and Sept. 6, 1995), we AFFIRM the summary judgments granted in favor of the defendants.

---

[2]Conn voluntarily dismissed her claims against Klevenhagen and Abercia.